### PLANTERS' COMPRESS CO. v. MOORE & SONS' CO.

(Circuit Court, D. New Jersey. February 8, 1901.)

PATENTS—SUIT FOR INFRINGEMENT—PRELIMINARY INJUNCTION.

A preliminary injunction will not be granted in a suit for infringement of patents of recent date, which have never been adjudicated upon, and where there is serious contention as to the questions of validity and infringement, unless there are special circumstances shown.

In Equity. Suit for infringement of patents. On motion for preliminary injunction.

Fredk. P. Fish, Edmund Wetmore, Frank T. Brown, and Chas. Neave, for complainant.

R. N. Dyer, A. S. Bacon, and S. G. Metcalf, for defendant.

GRAY, Circuit Judge. The bill in this case was filed June 13, 1900. By it suit was brought by the complainant for an alleged infringement by the defendant of five separate letters patent, of which, by mesne assignments, it had become the owner. These patents were respectively numbered 581,600, 630,369, 645,728, 645,732, and 645,735. They were issued to one George A. Lowry, and all relate to presses for baling cotton, wool, hair, and like fibrous material. The bale produced by the mechanism of these patents is a round one, but it differs from round bales theretofore used in that the bale is made of greater density, by a longitudinal pressure applied to minute portions of the fibrous material to be baled. The ultimate density is achieved as each increment of fibre is thus added in spiral layers to the growing column. Bale lengths of this column are, by the devices of the patents in suit, removed from the forming mechanism, and wired so as to retain the longitudinal compression given by the compressing mechanism. The tendency to expansion of this bale is altogether longitudinal, and with proper longitudinal stays no trouble is encountered from lateral expansion. The commercial advantage of such a bale is apparent from the economies it suggests in transportation and storing and immunity from fire. The bill alleges that the defendant has infringed the several patents in suit by the construction of a machine at its factory in the district of New Jersey embodying the principles of construction and devices which were the invention of the said George A. Lowry, and covered by the claims of the said several letters patent issued to him. It appears that the defendant made the machine in question upon the order and according to instructions and specifications given him by one Fuller, who claims to have invented or devised the machine in question independently of, and on lines and principles differing from, those of

the patent in suit; the press being called and known as the "Fuller Press." Fuller also assumes all responsibility for the machine so made by the defendant, and undertakes the defense of this suit. An answer has been filed by the defendant since the filing of the moving papers in the motion for a preliminary injunction, but prior to the hearing of the same. In this answer the defendant denies infringement, or that it has ever constructed any machine embodying any of the inventions of said several letters patent, or that it does or ever intended so to do. It also denies that the said Lowry was the original and first inventor of any of the alleged improvements described and claimed in the said several letters patent, and denies that the said alleged improvements described and claimed in said several letters patent were not known or used by others in this country before said Lowry's invention or discovery thereof, and denies that the same were not patented or described in any printed publication in this or any foreign country before said Lowry's invention or discovery thereof, and denies that the same were not in public use or on sale within the United States for more than two years prior to said Lowry's respective applications for said several letters patent, and denies that the same were not abandoned. The defendant, in its answer, further alleges that the said several letters patent in suit are each and all of them invalid and void, because the said alleged inventions therein described and claimed, or material and substantial parts thereof, had, prior to any alleged discovery or invention thereof by said Lowry, been patented and been described in printed publications of the United States and in foreign countries, and recites a list of such patents and publications. Prior to the filing of this answer, to wit, on the 21st day of June, 1900, the complainant applied to this court for an injunction, as prayed for in the bill, to restrain the defendant pendente lite from directly or indirectly making, constructing, using, or vending to others to be used, machines containing or embodying the inventions described and patented in said several letters patent. With this application for a preliminary injunction were filed as moving papers a number of affidavits of officers and employés of the complainant company. Affidavits of two experts were also filed, who testified as to the character of the mechanisms which were the subject of the patents in suit, sustaining their patentability, and also the alleged infringement by the defendant. A restraining order was thereupon issued, and the defendant company ordered to show cause why the preliminary injunction should not issue on July 17th. By agreement of counsel, the day set for the hearing was postponed from time to time until December 7, 1900. In the meantime the defendant filed numerous counter affidavits supporting the allegations of its answer and denying infringement; also the affidavit of an expert, who at great length explained the structure of the defendant's alleged infringing mechanism, and denied any infringement arising therefrom of complainant's patents. He also alleged that the patents in suit were invalid by reason of anticipation, and one or more of them for lack of novelty and invention. Several affidavits in rebuttal were also filed by the complainant, and other evidence, in the form of letters and advertisements, pertaining to the defendant's al-

leged infringement. The patents in suit are all comparatively recent in date,—the first having been granted April 27, 1897; the second, March 8, 1899; and the third, fourth, and fifth, March 20, 1900. As to no one of them has there been, nor could there well have been, owing to the short period of their existence, any adjudication of their validity. This ordinary ground for a preliminary injunction is, therefore, absent. The complainant, however, contends that the special circumstances of the case will warrant the court in issuing the injunction prayed for.

The appeal to the discretion of the court in an application for a preliminary injunction challenges its careful and scrutinizing consideration. The exercise of power called for by such an application is drastic, and, in a measure, arbitrary. By it the interfering hand of the court is laid upon the defendant in advance of a full and final hearing of the case upon its merits. The power is always used with caution; but its usefulness is recognized, and justice would often be imperfectly administered without its function of preserving the status quo while the matter in controversy is being judicially determined. In the present case there can be no appeal to a former adjudication, nor to long public acquiescence, as the dates of the patents, as we have already remarked, preclude the possibility of such being the case; nor has there been an interference or other contested proceeding in the patent office. In their absence, and when there is serious contention as to the title and the fact of infringement, courts have generally found it prudent to withhold a preliminary injunction. It does not follow, however, that, in the absence of these conditions, there may not be special circumstances arising in a particular case that would warrant the exercise of this power, and it is upon the alleged existence of such circumstances that the application in the present case is grounded. It may be admitted that the circumstances disclosed by the affidavits in behalf of complainant appeal strongly to the court, and the court has given them careful consideration. It is to be noted, however, that, so far as the moving papers are concerned, this motion for a preliminary injunction was grounded largely upon the first patent as in some degree possessing the character of a pioneer patent, which had introduced a radically new principle in the art to which it related, and which would result in enormously important and valuable changes in a large industrial field, and as, on this account, entitled to the special consideration and protection of the court. But at the hearing counsel for complainant determined that the questions raised as to this first patent would involve a discussion which would too greatly lengthen the argument of this motion for an injunction, and, in view of the fact that there were four other patents in suit, the court was not asked to grant interlocutory relief as to the first patent, the argument as to it being reserved until final hearing. As already stated, the four other patents are grounded upon and subsidiary to the first, although they relate to mechanisms which render the press as an entire machine practical, and commercially valuable.

A careful examination of the affidavits on both sides, including the expert testimony of complainant and defendant, does not convince the court that it should depart from the ordinary rules which have

generally governed in the matter of motions for preliminary injunctions, and heretofore adverted to. The questions of title and infringement, therefore, as to these four patents, must remain to be considered with the same questions as to the first and fundamental patent at a final hearing. If inconvenience and loss result to the complainant from the refusal of the preliminary injunction in this case, they are such as are inseparable from the situation of the parties and the peculiar nature of the property rights in patents. They may be minimized by expediting the final hearing, and by prompt compliance with the rules as to the taking of testimony. The court, when properly applied to, stands ready to assist counsel in avoiding unnecessary delay. The motion for preliminary injunction is denied.